JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8738 PA (FFMx) | Date | December 9, 2016 |
|---|---|---|---|
| Title | Neuport Associates, LLC, et al. v. Cameron Newton, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed on November 22, 2016 by defendants Luxury Retreats Management, Inc. ("LRM") and Luxury Retreats International Inc. ("LRI") and joined by defendant Cameron Newton ("Newton") (collectively "Defendants"). (Docket No. 1 ("NOR"); Docket No. 7.) Defendants assert that this Court has jurisdiction over the action brought against them by plaintiffs Neuport Associates, LLC ("Neuport LLC") and Jared Pobre ("Pobre") (collectively "Plaintiffs") based diversity jurisdiction. See 28 U.S.C. § 1332. Newton previously filed a notice of removal, which this Court remanded for failure to allege facts supporting this Court's subject matter jurisdiction. (See NOR, Exh. C to Exh. 4, Neuport Associates, LLC, et al. v. Newton, et al., Case No. 2:16-cv-8176-PA-FFMx (C.D. Cal. Nov. 2, 2016), Order Remanding.)

## I. Legal Standard

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8738 PA (FFMx) | Date | December 9, 2016 |
|---|---|---|---|
| Title | Neuport Associates, LLC, et al. v. Cameron Newton, et al. | | |

Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter, 265 F.3d 857. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("[T]he relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company . . . ."); Handelsman v. Bedford Vill. Assocs., Ltd. P'ship, 213 F.3d 48, 51–52 (2d Cir. 2000) ("[A] limited liability company has the citizenship of its membership . . . ."); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction."). "A trust has the citizenship of its trustee or trustees." Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); Nolan v. Paredes, No. CV 12-08350-RGK (PLAx), 2012 U.S. Dist. LEXIS 151025, at *3 (C.D. Cal. Oct. 16, 2012) (applying the same rule to a living trust).

## II. Analysis

### A. Pobre

In an effort to establish Pobre's citizenship, the Notice of Removal alleges

> Plaintiff Jared Pobre is . . . a citizen of the State of California. First, in the Neuport 2016 annual list,[1] Mr. Pobre lists an address in Los Angeles, California. Second, Plaintiffs' Complaint states that 'Jared Pobre is, and at all relevant times was, an individual residing in Los Angeles County, California.' Third, as described supra in Paragraph 12, Mr. Pobre is a managing member of Neuport, which is a citizen of California. Fourth, Neuport, of which Mr. Pobre is a managing member, 'is the owner of Leslie Lane, LLC, which company owns' the property in Beverly Hills that is the subject of the instant litigation. The combination of the foregoing

[1] Defendants request Judicial Notice of a Certified Copy of Neuport's 2016 Annual List of Managers or Managing Members ("Annual List"). (Docket No. 2.) The Court may take judicial notice of matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (citing Fed. R. Evid. 201). Because the document that Defendants seek to judicially notice is a matter of public record, their Request for Judicial Notice is granted.

> factors provide ample evidence that Mr. Pobre is a citizen of the State of California for diversity purposes.

(NOR ¶ 14 (internal citations omitted) (emphasis in original).)

Yet the address Pobre listed on the Annual List is not necessarily his residence. Moreover, as discussed in this Court's previous remand order, an individual is not necessarily domiciled where he or she resides. See Kanter, 265 F.3d at 857. Additionally, using an LLC's citizenship to define a purported member's citizenship is circular, given that the LLC's membership is defined by its members' citizenship. Nor does the location of a property owned by an LLC have any bearing on a purported member's citizenship. Therefore, having provided nothing more than Pobre's residence to support citizenship, Defendant has failed to adequately establish Pobre's citizenship.

**B. Neuport LLC**

Next, the NOR states the following as to Neuport LLC's citizenship:

> Per its 2016 annual list, Neuport has two managers or managing members: the Living Trust of Jared Pobre [("the Living Trust")] and Jared Pobre. On the Neuport 2016 annual list, the Living Trust . . . lists an address in Los Angeles, California. Mr. Pobre lists the same address in Los Angeles. Because its members are citizens of California, Neuport is therefore a citizen of the State of California.

(NOR ¶ 13 (internal citations omitted).)

First, the Annual List identifies Pobre and the Living Trust each as a "Manager or Managing Member" of Neuport LLC. However, the citizenship of an LLC's managers is irrelevant when determining its citizenship, unless the managers are members as well. See Burge v. Sunrise Med. (US) LLC, Civil Action No. 13-cv-02215-PAB-MEH, 2013 WL 6467994, at *3 (D. Colo. Dec. 9, 2013) ("Defendants do not attempt to equate Apollo's managers and members, and therefore the citizenship of an LLC's managers is not relevant.").

Even if Pobre and the Living Trust are members, Defendants fail to adequately establish their citizenship. Defendants do not identify the trustee of the Living Trust or where he is a citizen, instead stating without justification that the Living Trust is a citizen at the address written on the Annual List. Because the citizenship of the trustee defines that of the living trust, this allegation is insufficient. Nolan, 2012 U.S. Dist. LEXIS 151025, at *3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8738 PA (FFMx) | Date | December 9, 2016 |
|---|---|---|---|
| Title | Neuport Associates, LLC, et al. v. Cameron Newton, et al. | | |

Finally, to establish an LLC's citizenship requires identifying each member's citizenship. See Marseilles Hydro Power, LLC, 299 F.3d at 652. Even if the Living Trust and Pobre were members of Neuport LLC, and even if they were citizens of California, Defendants do not allege that these two are Neuport LLC's only members. As a result, Defendants have not presented facts sufficient to establish Neuport LLC's citizenship as required to invoke this Court's diversity jurisdiction.

**Conclusion**

For the foregoing reasons, Defendants have failed to meet their burden of demonstrating the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. SC126419, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.